IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCIA C. WALDRON,<br>　　　Plaintiff | : | Civil Action No. 1:07-CV-2040 |
| v. | : | (Chief Judge Kane) |
| MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br>　　　Defendant | : | |

### MEMORANDUM & ORDER

Before the Court is Plaintiff's appeal of the Social Security Administration's denial of her application for disability insurance ("DIB") and supplemental security income ("SSI") (Doc. No. 1), Magistrate Judge Mannion's Report and Recommendation (Doc. No. 9), Plaintiff's objections thereto (Doc. No. 10), and Defendant's response to the objections (Doc. No. 12). For the reasons that follow, the Court will overrule Plaintiff's objections and adopt the Report and Recommendation.

### I.　BACKGROUND

Plaintiff filed an application for DIB and SSI on June 29, 2005, alleging disability since March 14, 2005, due to a heart condition, depression, anxiety, high blood pressure, cholesterol, and petit mal seizures. Her initial application was denied. (Doc. No. 1 ¶ 4.) Following a notice of appeal and a hearing, the denial of benefits was upheld. The decision of the ALJ was again confirmed by the Social Security Appeals Council on October 23, 2007. (Id. at ¶ 5.)

Plaintiff then filed a complaint in this Court challenging the ALJ's decision for failure to adequately consider her aortic aneurysms and the opinion of her treating physician, Dr. Lowell. (Doc. No. 1.) The Complaint was referred to Magistrate Judge Mannion, who reviewed the record and produced a Report and Recommendation (Doc. No. 9), which is currently before the

Court with Plaintiff's objections. (Doc. No. 10.)

## II.   STANDARD OF REVIEW

When a party objects to a report and recommendation of a magistrate judge, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3.  The Court may also "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  Judicial review of the factual basis underlying a final decision denying SSI is limited to whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate."  Pierce v. Underwood, 487 U.S. 552 (1988); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

## III.   DISCUSSION

Plaintiff argues that the ALJ gave insufficient weight to the opinion of her treating physician, relied too heavily on the consultative examiner's opinion that she could perform light duty work, and entirely failed to consider her most disabling diagnosis, an aortic dissection.

Under the applicable regulations, the Commissioner must give controlling weight to a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [that] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  20 C.F.R. § 404.1527(d)(2).  If there is contradictory evidence, the Commissioner must consider a number of factors, including the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship when "determining the

weight to give the opinion." Id.  However, the regulations make clear that a treating physician's statement that a claimant is "disabled" or "unable to work" is not necessarily afforded substantial deference, as such opinions are "reserved to the Commissioner because they are administrative findings that are dispositive of a case." 20 C.F.R. § 404.1527(e).

Here, the ALJ's decision states that Dr. Lowell's opinions were not adopted because they were "not supported in the rest of the record." (Tr. 15-16.) The ALJ further discounted Dr. Lowell's opinions because the majority of her limitations "were related to back pain due to degenerative joint disease; however [Dr. Lowell] is a cardiologist and never tested or treated her for degenerative joint disease." (Id.) The Report and Recommendation thoroughly discusses all the evidence on the record and this Court agrees with Magistrate Judge Mannion that there is substantial contradictory evidence to support the ALJ's determination that Dr. Lowell's opinion should not be given controlling weight. Thus, the ALJ adequately discussed his reasons for not giving controlling weight to Dr. Lowell's's opinion; he did not err in choosing to give controlling weight to the other evidence of record, including the opinion of consultative examiner Dr. Muthiah that Plaintiff could do light duty work.

Next, the Court agrees with the Report and Recommendation that the ALJ did consider Plaintiff's aortic aneurysm. The ALJ's opinion states that Plaintiff's impairments are severe. (Tr. 15-16.)  The opinion includes "coronary artery disease (status post successful bypass surgery)" (Tr. 15) among her severe impairments. The Court finds that this description accounts for the aneurysm because the aneurysm was corrected by the bypass surgery. Further, her performance on the graded treadmill exercise test (Tr. 208) indicates that there were no remaining effects of the aneurysm that needed to be more specifically considered by the ALJ or Dr. Muthiah.

**AND NOW,** this 30th day of September, 2008, consistent with the reasons set forth above, **IT IS HEREBY ORDERED** that Magistrate Judge Mannion's Report and Recommendation (Doc. No. 9) is **ADOPTED** and Plaintiff's objections to that report (Doc. No. 11) are **OVERRULED**.  The Clerk of Court is directed to close the file.

      S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania